ROGERS, J.,
concurring.
I concur in the result and in the majority opinion except for Part D. 8 C.F.R. § 1208.13(b)(1)(iii) does not create a separate claim for relief from removal called “humanitarian asylum” that is distinct from “asylum.” Rather, this provision constitutes part of the regulatory scheme for determining whether an alien should be granted asylum. The regulations provide generally that someone claiming refugee status based on past persecution can nevertheless be denied asylum either because of changed country conditions eliminating a well-founded fear of future persecution or the possibility of internal relocation within the country allowing the applicant to avoid future persecution. 8 C.F.R. § 1208.13(b)(l)(i)(A). Section 1208.13(b)(l)(iii) provides that in cases of particularly severe prior persecution, or where the applicant would face “other serious harm” if he were forced to return to his country, changed country conditions or the possibility of relocation may not preclude a grant of asylum. 8 C.F.R. § 1208.13(b)(l)(iii); see also Liti v. Gonzales, 411 F.3d 631, 641-42 (6th Cir.2005); Rreshpja v. Gonzales, 420 F.3d 551, 556 (6th Cir.2005). Because 8 C.F.R. § 1208.13(b)(l)(iii) does not even come into play where there is not sufficient evidence of prior persecution in the first place, it was not incumbent on the BIA to address the applicability of the regulation.